UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGIA SHILANDER, | ) | Case No.: 1:04 CV 2031 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CLEVELAND MUNICIPAL SCHOOL DISTRICT, | ) ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Now pending before the court are the following motions: (1) Defendant Cleveland Municipal School District's ("Defendant" or "CMSD") Motion to Dismiss Plaintiff Georgia F. Shilander's ("Plaintiff" or "Shilander") Second Amended Complaint ("Motion to Dismiss") (ECF No. 20); (2) Defendant's Renewed and Restated Motion for Protective Order (ECF No. 21); (3) Plaintiff's Motion for Leave to File Supplemental Brief in Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 24); (4) Plaintiff's Motion for Joinder (ECF No. 25); and (5) Defendant's Notice of Objection and/or Motion to Strike Exhibit D of Plaintiff's Supplemental Brief in Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 28). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 20) is granted. Defendant's Renewed and Restated Motion for Protective Order (ECF No. 21), Plaintiff's Motion for Leave to File Supplemental Brief in Opposition (ECF No. 24), Plaintiff's

Motion for Joinder (ECF No. 25) and Defendant's Notice of Objection and/or Motion to Strike Exhibit D (ECF No. 28) are each denied as moot.

## I. PROCEDURAL BACKGROUND

On September 26, 2003, Plaintiff filed a complaint in state court against three individual defendants, Kathy Bucalo, Daphne Fredricks, and Hollis Munoz. (*See* Def.'s Ex. A, Pl.'s State Compl. in *Shilander v. Bucalo*, *et. al*., Case No. 511303, Cuyahoga County Common Pleas.) Plaintiff sought relief under Ohio common law for harassment, retaliation, character assassination, slander, and for violation of public policy. (*See id.*) On March 23, 2004, Plaintiff voluntarily dismissed the state court Complaint without prejudice. (*See* Def.'s Ex. B, Copy of Pl.'s Certified Notice of Voluntary Dismissal Without Prejudice.)

On October 7, 2004, Plaintiff filed her first federal complaint in this court against CMSD alleging that CMSD violated 31 U.S.C. § 3730(h) ("False Claims Act"). (Pl.'s Compl. ¶¶ 26-28, ECF No. 1.) On December 22, 2004, Plaintiff filed an Amended Complaint against CMSD, adding more factual allegations and continuing to seek relief under the False Claims Act. (Pl.'s Amend. Compl., ECF No. 7.) Thereafter, on January 10, 2005, CMSD moved to dismiss the Amended Complaint for failure to state a claim. (Def.'s Mot. to Dismiss Amend. Compl., ECF No. 11.)

On January 25, 2005, Plaintiff moved to file a Second Amended Complaint. (Pl.'s Mot. to File Second Amend. Compl., ECF No. 12.) This court granted Plaintiff's motion on July 25, 2005. (Order, ECF No. 18.) On September 19, 2005, Plaintiff filed her Second Amended Complaint, asserting a First Amendment claim under 42 U.S.C. § 1983. (Pl.'s Second Amend. Compl. ¶¶ 36-40, ECF No. 19.) In her Second Amended Complaint, Plaintiff abandoned her original claim under the False Claims Act and alleged that her First Amendment rights were violated for raising concerns

relating to allegedly improper billing practices. (*Id.* ¶38.)

On September 19, 2005, CMSD moved to dismiss the Second Amended Complaint. (Def.'s Mot. to Dismiss Second Amend. Compl., ECF No. 20.) On October 11, 2005, Plaintiff filed her Brief in Opposition to Defendant's Motion to Dismiss. (Pl.'s Br. in Opp.*,* ECF No. 22.) On October 26, 2005, CMSD filed its Reply Brief. (Def.'s Reply Br. in Supp. of its Mot. to Dismiss, ECF No. 23.) On November 18, 2005, Plaintiff filed additional briefing, arguing for the first time that Plaintiff's § 1983 claim is timely under the provisions of the Ohio Savings Statute. (Pl.'s Supplemental Br. in Opp. to Def.'s Mot. to Dismiss, ECF No. 24.) On November 22, 2005, Plaintiff moved to join the Cleveland Municipal School District Board of Education as a defendant. (Pl.'s Mot. for Joinder, ECF No. 25.) On December 5, 2005, Defendant filed its Memorandum in Opposition to Plaintiff's Motion for Leave to File a Supplemental Brief. (Def.'s Mem. in Opp'n to Pl.'s Mot. for Leave to File a Supplemental Br., ECF No. 26.)

## II. DISMISSAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the court to determine the legal sufficiency of a plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The basic federal pleading requirement is contained in Rule 8(a) of the Federal Rules of Civil Procedure, which states that a pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Courts reviewing a 12(b)(6) motion must accept the well-pled factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In order to survive a Rule 12(b)(6) challenge a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable

legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted). The court, however, need not accept "conclusions of law or unwarranted inferences cast in the form of factual allegations." *Czupih v. Card Pak, Inc.*, 916 F. Supp. 687, 689 (N.D. Ohio 1996). Ultimately, a complaint may be dismissed only if "the plaintiff undoubtedly can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III. FACTUAL BACKGROUND

Defendant operates a public school system including Sunbeam School ("Sunbeam"). According to Plaintiff, Sunbeam is a self-contained facility and is the only school in the district that educates children with physical disabilities. (Pl.'s Second Am. Compl. ¶ 5, ECF No. 19.) Plaintiff is employed by Defendant as a physical therapist. (*Id.* ¶ 1.) Plaintiff maintains that she was retaliated against after she raised concerns with her supervisor Paula Woods ("Woods") regarding whether Defendant was assigning children to the most appropriate school. (*Id.* ¶ 38.) Defendant banned her from providing services to Sunbeam students or from using the facilities at Sunbeam and reassigned her to six different schools on the east side of Cleveland. (*Id.* ¶ 17.) Plaintiff alleges that prior to raising her concerns she was regularly assigned student patients for therapy at Sunbeam. (*Id.* ¶ 16.) Plaintiff further alleges that when Sunbeam Principal Hollis Munoz ("Munoz") discovered that Plaintiff had returned to Sunbeam to use the equipment, Munoz threatened to prosecute her for theft and instituted disciplinary proceedings against her. (*Id.* ¶ 21.) A fact-finding hearing followed, at which all charges against Plaintiff were dropped. (*Id.* ¶ 22.) After this hearing, Woods issued several memoranda urging the principals of the schools where Plaintiff was reassigned to closely monitor Plaintiff's performance. (*Id.* ¶ 23.)

After Plaintiff began providing services at the six east side schools, she again raised her concern to Woods regarding Defendant's assignment of students, and she was told that her complaint would be investigated. (*Id.* at ¶ 26.) Plaintiff continued to use the equipment at Sunbeam and was discovered by Woods. (Id. ¶ 27.) Woods issued a written warning of potential disciplinary consequences. (*Id.*) In response, Plaintiff demanded a second fact-finding hearing. (*Id.*) After the second fact-finding hearing, Defendant conducted a disciplinary hearing. (*Id.* ¶ 31.) Plaintiff was ultimately suspended for three days without pay, required to undergo professional development training under Woods' supervision, and was required to complete a fitness evaluation. (*Id.* ¶¶ 30-31.)

Plaintiff asserts that Defendant continues to assign her to schools other than Sunbeam, despite the fact that she has the second highest seniority among physical therapists. (*Id.* ¶ 34.) Plaintiff also maintains that Defendant continues to prohibit her from providing services to Sunbeam students or from using the facilities at Sunbeam School. (*Id.* ¶ 34-35.)

## IV. LAW AND ANALYSIS

Defendant maintains that Plaintiff's Complaint should be dismissed for failure to state a claim for which relief can be granted on three grounds: (1) the claim is barred by the statute of limitations; (2) Plaintiff has failed to join a proper party, the Cleveland Municipal School District Board of Education; and (3) that Plaintiff fails to allege that her rights were violated pursuant to a policy or custom of the Cleveland Municipal School District Board of Education.

**A. Statute of Limitations**

Plaintiff argues in response to Defendant's Motion to Dismiss her §1983 claim because it is barred by the statute of limitations that her claim is timely under the "continuous violation" theory. (Pl.'s Br. in Opp'n at 1-4.) Plaintiff also contends that Ohio's Savings Statute applies to save her

claim. (Pl.'s Mot. for Leave to File Supplemental Br. in Opp'n) Because the court grants Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for her failure to allege that her rights were violated pursuant to a policy or custom of the Cleveland Municipal School District Board of Education, as discussed below, this court does not address the parties arguments regarding the statute of limitations.

**B. Failure to State a Claim Under § 1983**

Defendant argues that Plaintiff fails to plead sufficient facts to state a claim under § 1983. A plaintiff in a § 1983 action "must demonstrate: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000).

In addition, it is well established that in order to establish the liability of a municipality,[1] a plaintiff must plead the existence of an official policy or custom.

> For liability to attach, there must be execution of a government's policy or custom which results in a constitutional tort. Such a requirement ensures that a county is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the county.
>
> * * *
>
> In addition, a plaintiff must demonstrate that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was

---

[1] The court notes that Ohio's local school boards constitute "municipalities" for the purposes of being sued. *Hansen v. Westerville City Sch. Dist., Bd. of Educ.*, 1994 U.S. App. LEXIS 31576, *26 (6th Cir. Nov. 7, 1994).

- 6 -

> taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."

*Id.* at 441-42 *(quoting Board of County Comm'r of Bryan County, Okl.*, 520 U.S. 397, 405 (internal citations omitted).

Plaintiff incorrectly argues that there is no such requirement. (*See* Pl.'s Mot. in Opp'n to Def.'s Mot. to Dismiss at 6.) The Sixth Circuit has repeatedly stated that a plaintiff pursuing a § 1983 claim against a municipality must plead that the defendant inflicted the § 1983 injury under an official policy or custom. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) ("A plaintiff who sues a municipality for a constitutional violation under § 1983 must prove that the municipality's policy or custom caused the alleged injury."); *Moreno v. Metropolitan Gen. Hosp.*, 2000 U.S. App. LEXIS 5876, *7 (6th Cir. 2000) ("In order to state a claim against either the municipal defendants or the individual defendants, . . . plaintiffs must allege the existence of a policy, practice or custom that resulted in the injury. . . ."); *Kelly v. City of Memphis*, 2000 U.S. App. LEXIS 23648, *5 (6th Cir. 2000) ("In order to state a claim against a city under § 1983, a plaintiff must show that his injury was caused by an unconstitutional policy or custom of the municipality."); *Foster v. Walsh*, 864 F.2d 416, 419 (6th Cir. 1988) ("The failure to plead the existence of such a policy or custom, . . . makes the complaint fatally defective."); *Rayford v. City of Toledo*, 1987 U.S. App. LEXIS 1600, *2 (6th Cir. 1987) (finding that the plaintiffs failed to state a claim because "plaintiffs have not alleged any governmental policy or custom . . . as required to sue a municipality under 42 U.S.C. § 1983"); *Beals v. Blackwell*, 2005 U.S. Dist. LEXIS 6978, *8-9 (D. Tenn. 2005) ("[T]he Sixth Circuit has consistently affirmed district court dismissals, pursuant to 12(b)(6), of §

1983 claims against a municipality for failure to allege that the constitutional violation resulted from a government policy or custom.") (citations omitted).

In the instant case, Plaintiff has not alleged that an officially enacted policy or custom caused, or resulted in, the alleged violation of her First Amendment right. Consequently, Plaintiff has failed to plead sufficient facts to state a claim under § 1983. As the court indicated in *Doe v. Claiborne County, Tenn*, 103 F.3d 495 (6th Cir. 1996), "the School Board cannot be found liable unless the plaintiff can establish that an officially executed policy, or the toleration of a custom within the school district leads to, causes, or results in the deprivation of a constitutionally protected right." *Id.* at 507 (citation omitted). In this case, Plaintiff has clearly not alleged that those who allegedly violated her rights were acting pursuant to an officially executed policy of the School Board. She also does not allege that the School Board had a custom of affirmatively condoning acts of retaliation against her for her speech. Even if one were to assume that she were seeking to plead a custom of failure to act to prevent harassment against her, she would have to, under a so-called "inaction" theory, plead not only the "existence of a clear and persistent pattern" of misconduct, but also notice or constructive notice by the Board. *Id.* at 508. Plaintiff would also have to plead the Board's tacit approval of the unconstitutional conduct, and that this approval was such as to amount to deliberate indifference based on its failure to act. *Id.* Further, Plaintiff would have to plead that the Board's custom was the cause of the violation. *Id.* Plaintiff has failed to plead any of the above-mentioned requirements in her Second Amended Complaint. Therefore, in this case, as in *Claiborne*, where plaintiff was seeking recovery against a school board for sexual misconduct against a child, Shilander has failed to state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss (ECF No. 20) is granted for Plaintiff's failure to allege a violation under § 1983 based on

a policy or custom of the Cleveland Municipal School District Board of Education. Plaintiff has not sued any individual defendants and the School District is not vicariously liable for the acts of its employees.

**C.     CMSD Is Not a Proper Party Defendant/ Plaintiff's Motion for Joinder**

Additionally, Plaintiff's Second Amended Complaint names only the Cleveland Municipal School District as a defendant. (Pl. Second Amend. Compl. ¶ 2.) Ohio courts have held that "[i]n legal actions involving the schools, it is the board of education which must be sued." *Carney v. Cleveland Heights - Univ. Heights City Sch. Dist.*, 143 Ohio App. 3d 415, 424 (Ohio Ct. App. 2001) (citing *Catchings v. Cleveland Public Schs.*, 1982 Ohio App. LEXIS 12149, *7 (Apr. 1, 1982)). The *Carney* court affirmed summary judgment for the defendant school district in a retaliatory action, holding that the board of education – not the school district – was the proper party to be sued. *Id.* For this proposition, the *Carney* court cited O.R.C. § 3313.17, which provides:

> The board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing, and disposing of real and personal property, and taking and holding in trust for the use and benefit of such district, any grant or devise of land and any donation or bequest of money or other personal property.

O.R.C. § 3313.17.

No case law supports Plaintiff's contention that CMSD is the proper party to be sued due to Cleveland's reorganization. Consequently, Defendant is correct that CMSD is not the proper party defendant in this action. The court notes that Plaintiff did file a motion for joinder of the Board of Education after the briefing on Defendant's Motion to Dismiss had been completed. (*See* ECF Nos. 20, 22, 23.) Because the court finds that Defendant's Motion to Dismiss should be granted on other

- 9 -

grounds, as discussed above, Plaintiff's Motion for Joinder of the School Board ( ECF No. 25) is denied as moot.

**D.     Defendant's Motion for a Protective Order**

As Defendant's motion to dismiss has been granted, Defendant is no longer in need of a protective order.  Therefore, Defendant's motion for a protective order (ECF No. 21) is denied as moot.

**E.     Plaintiff's Motion to Supplement**

Previously, this court has provided Plaintiff with numerous opportunities to raise claims, amend complaints, and craft new legal arguments.  Plaintiff now seeks this court's permission to supplement her previously filed opposition brief.  (Pl.'s Mot. for Leave to File Supplemental Br. in Opp'n, ECF No. 24.)  Plaintiff's counsel seeks to assert an additional theory under which Plaintiff's claim is timely filed, based on the Ohio Savings Statute, O.R.C. § 2305.19.  (*Id.* at 5-6.)  Counsel's reason for his failure to include this argument in Plaintiff's previously submitted Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is unconvincing.  Plaintiff's counsel states only that he discovered the statute's relevance in the instant case "[w]hile researching [the Ohio Savings] statute in another matter."  (*Id.* at 1.)

Counsel offers no compelling reason as to why Plaintiff should be permitted to supplement her Opposition to Defendant's Motion to Dismiss *after* Defendant has already expended time and expense in submitting its Reply in Support of its Motion to Dismiss.  However, because the court does not address the issues regarding the statute of limitations, it is not necessary to rule on the substance of Plaintiff's Motion.  Plaintiff's Motion for Leave to File a Supplemental Brief is hereby denied as moot.  (ECF No. 24.)

**F.     Defendant's Objection and/or Motion to Strike**

Defendant alleges that Exhibit D of Plaintiff's Supplemental Brief in Opposition has been altered and is not a true representation of Plaintiff's state court complaint.  (*See* Def. Objection and/or Mot. to Strike, ECF No. 28.)  As the court has granted Defendant's Motion to Dismiss and denied Plaintiff's Motion for Leave to File Supplemental Brief in Opposition, Defendant's Objection and/or Move to Strike (ECF No. 28) is also hereby denied as moot.

## V. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss (ECF. No. 20) is granted. Accordingly, Defendant's Motion for a Protective Order (ECF No. 21), Plaintiff's Motion for Leave to File Supplemental Brief (ECF No. 24), Plaintiff's Motion for Joinder (ECF No. 25), and Defendant's Notice of Objection and/or Motion to Strike Exhibit D of Plaintiff's Supplemental Brief in Opposition to Defendant's Motion to Dismiss Second Amended Complaint (ECF No. 28) are all denied as moot.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 30, 2006